Filed 6/9/22  P. v. Green CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DARNELL LEO GREEN,<br><br>    Defendant and Appellant. | F083294<br><br>(Super. Ct. No. 145370)<br><br>**OPINION** |

## THE COURT\*

APPEAL from an order of the Superior Court of Stanislaus County.  Thomas D. Zeff, Judge.

Laura P. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Tia M. Coronado, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Peña, Acting P. J., Meehan, J. and DeSantos, J.

Defendant Darnell Leo Green was convicted of multiple offenses arising from a 1997 robbery of several individuals in a residence by several armed gang members. He was sentenced to 45 years eight months in prison. In 2021, the Secretary of the Department of Corrections and Rehabilitation (CDCR) sent a letter to the sentencing court recommending that defendant be resentenced pursuant to former Penal Code section 1170, subdivision (d)(1).[1] After the issue was briefed, the trial court declined to exercise its discretion to resentence defendant. While the matter was pending on appeal, the Governor signed Assembly Bill No. 1540 (2021–2022 Reg. Sess.) (Assembly Bill 1540), which moved the recall and resentencing provisions of former section 1170, subdivision (d)(1) to new section 1170.03, and among other things, would entitle an inmate for whom the Secretary of the CDCR filed a resentencing request on January 1, 2022, to a hearing on the request, a reasoned decision on the record, appointment of counsel, and—perhaps most meaningfully—a rebuttable presumption in favor of recall and resentencing.

Defendant asks that the trial court's order declining to exercise its discretion be vacated and the matter be remanded to the trial court to reconsider the matter in light of the changes effected by Assembly Bill 1540. The People agree that we should remand for the trial court to reconsider in light of Assembly Bill 1540, but argue that Assembly Bill 1540 is not retroactive pursuant to *In re Estrada* (1965) 63 Cal.2d 740. We vacate the trial court's order and remand for reconsideration of the Secretary of the CDCR's request in light of Assembly Bill 1540.

## PROCEDURAL SUMMARY

On October 6, 1998, defendant was convicted of three counts of robbery in concert of an inhabited dwelling (§§ 211, 212.5; counts 2, 3, & 5), two counts of attempted robbery (§§ 211, 212.5, 664; counts 1 & 4), burglary (§ 459; count 6), conspiracy to

---

[1] All further statutory references are to the Penal Code.

2.

commit robbery (§§ 182, 211, 212.5; count 7), active participation in a criminal street gang (§ 186.22, subd. (a); count 8), and possession of a firearm by a felon (former § 12021; count 10).[2] As to counts 1 through 4 and 6 through 8, the jury further found that defendant personally used a firearm (§ 12022.5); as to count 5, the jury found that defendant was armed with a firearm (§ 12022, subd. (a)); and as to counts 1 through 7, and 10, the jury found that defendant committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). As to counts 1 through 8, and 10, the trial court found that defendant had suffered a prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) that also qualified as a prior serious felony conviction (§ 667, subd. (a)).

After resentencing in 2015, defendant was sentenced to 45 years eight months in prison as follows: on count 2, 18 years (the upper term doubled due to the prior strike conviction) plus a four-year firearm enhancement and a five-year serious felony conviction enhancement; on counts 1 and 4, two years (one-third the middle term doubled due to the prior strike conviction) plus a 16-month firearm enhancement (one-third the full enhancement), consecutive to the sentence on count 2; on count 3, four years (one-third the middle term doubled due to the prior strike conviction) plus a 16-month firearm enhancement (one-third the full enhancement), consecutive to the sentence on count 2; count 5, four years (one-third the middle term doubled due to the prior strike conviction), consecutive to the sentence on count 2; on count 8, 16 months (one-third the middle term doubled due to the prior strike conviction) plus a 16-month firearm enhancement (one-third the full enhancement), consecutive to the sentence on count 2. The sentence on all remaining counts and enhancements was stayed.

---

[2] Counts 9 and 10 both alleged possession of a firearm by a felon on the same date. No verdict was returned on count 9.

On February 18, 2021, the Secretary of the CDCR sent a letter to the trial court recommending defendant's sentence be recalled and he be resentenced pursuant to former section 1170, subdivision (d)(1) "based upon his exceptional conduct while incarcerated." The People filed a response to the Secretary of the CDCR's letter, opposing the relief sought. Defendant filed a response in favor of relief.

On July 13, 2021, the trial court held a hearing at which it allowed the parties to present argument in support of their positions. On July 22, 2021, the trial court ordered the parties to submit supplemental sentencing briefs. The parties did so. On August 19, 2021, after supplemental briefing was submitted, the trial court declined to exercise its discretion to recall defendant's sentence.

On September 3, 2021, defendant filed a notice of appeal.

## DISCUSSION[3]

The Third Appellate District, in *People v. McMurray* (2022) 76 Cal.App.5th 1035 (*McMurray*), recently succinctly summarized the amended statutory framework and addressed the retroactivity issue now before us. We agree with its reasoning and conclusions in full. It explained:

> "Former section 1170(d)(1) authorized a trial court, at any time upon the recommendation of the Secretary [of the CDCR], to 'recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence.' This same language is contained in section 1170.03, which is where Assembly Bill 1540 moved the recall and resentencing provisions of former section 1170(d)(1). (§ 1170.03, subd. (a)(1).)

> "Former section 1170(d)(1) (and now section 1170.03) authorizes the Secretary of the CDCR to recommend to the superior court that the court recall a previously imposed sentence and resentence the defendant. (See *People v. Loper* (2015) 60 Cal.4th 1155, 1165, citing *Dix v. Superior Court* (1991) 53 Cal.3d 442, 460.) The CDCR recommendation furnishes

---

**3**    Because defendant raises only legal issues, we omit any factual summary.

the court with jurisdiction it would not otherwise have to recall and resentence and is 'an invitation to the court to exercise its equitable jurisdiction.' (*People v. Frazier* (2020) 55 Cal.App.5th 858, 866 (*Frazier*).)

"In addition to moving the recall and resentencing provisions of former section 1170(d)(1) to section 1170.03, Assembly Bill 1540 also clarifies the required procedures including that, when recalling and resentencing, the court 'shall … apply any changes in law that reduce sentences or provide for judicial discretion.' (§ 1170.03, subd. (a)(2).) Where, as here, the CDCR recommends recall and resentencing, the court is also now required to hold a hearing (unless the parties otherwise stipulate), state on the record its reasons for its decision, provide notice to the defendant, and appoint counsel for the defendant. (§ 1170.03, subds. (a)(6)–(8), (b)(1).) In addition, where a resentencing request is made, there is now a presumption in favor of recall and resentencing of the defendant, 'which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety.' (§ 1170.03, subd. (b)(2).)

"The legislative history of these changes indicates that the bill was, in part, intended to clarify the Legislature's intent regarding former section 1170(d)(1), which it had amended in 2018. Specifically, the Legislature sought through Assembly Bill 1540 to 'ensure due process and equitable application in these types of resentencing cases' and indicate that trial courts should accept the CDCR's resentencing recommendations. (See, e.g., Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1540 (2021–2022 Reg. Sess.) as amended Sept. 3, 2021, p. 3 [bill clarifies legislature's intent to honor time, thought, and effort law enforcement agencies put into referrals]; Sen. Com. on Public Safety, Rep. on Assem. Bill No. 1540 (2021–2022 Reg. Sess.) as amended June 22, 2021, pp. 2-3 [bill 'makes clarifying changes,' including requiring notice to defendant, appointment of counsel, a hearing, a statement of reasons for denying or granting recall and resentencing, and a presumption favoring recall and resentencing]; Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1540 (2021–2022 Reg. Sess.) as amended Apr. 22, 2021, Author's Statement, p. 4 ['The changes contained in A[ssembly] B[ill] 1540 strengthen common [procedures] to address equity and due process concerns in how courts should handle second look sentencing requests'].)

"The legislative history further indicates that Assembly Bill 1540 was intended to clarify certain aspects of former section 1170(d)(1) that the appellate courts had incorrectly interpreted, including that, 'when a

sentence is recalled or reopened for any reason, in resentencing the defendant trial courts must apply "any changes in law that reduce sentences or provide for judicial discretion." ' (Sen. Com. on Public Safety, Rep. on Assem. Bill No. 1540 (2021–2022 Reg. Sess.) as amended June 22, 2021, p. 3 [noting that *People v. Federico* (2020) 50 Cal.App.5th 318, review granted August 26, 2020, S263082, held to the contrary].) We note that there are several published appellate decisions finding that former section 1170(d)(1) did not require certain procedural safeguards that the Legislature has now clarified are indeed required under section 1170.03. (See, e.g., *Frazier*, *supra*, 55 Cal.App.5th at pp. 865–868 [finding no requirement for the appointment of counsel under former section 1170(d)(1)]; *People v. McCallum* (2020) 55 Cal.App.5th 202, 215–216 [finding no requirement for a hearing before determining whether to recall a defendant's sentence].)

"In sum, the Legislature repeatedly indicated that Assembly Bill 1540 was intended to 'make clarifying changes' to former section 1170(d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing. (See, e.g., Sen. Com. on Public Safety, Rep. on Assem. Bill No. 1540 (2021–2022 Reg. Sess.) as amended June 22, 2021, pp. 2–3.) These changes were adopted in 2021, thereby promptly addressing appellate decisions from 2020 that had interpreted the Legislature's intent regarding former section 1170(d)(1). Under the circumstances, the appropriate remedy is to reverse and remand the matter, so that the trial court can consider the CDCR's recommendation to recall and resentence defendant under the new and clarified procedure and guidelines of section 1170.03. (See *Western Security Bank* [*v. Superior Court* (1997)] 15 Cal.4th [232,] 253.)" (*McMurray*, *supra*, 76 Cal.App.5th at pp. 1040–1041.)

For that reason, the *McMurray* court noted it was not necessary for it to determine whether Assembly Bill 1540 was retroactive pursuant to *In re Estrada*. (*McMurray*, *supra*, 76 Cal.App.5th at p. 1042.) We agree with the *McMurray* court in all respects.

Here, especially because the trial court did not state its reasons for declining to recall and resentence defendant, the appropriate remedy is to remand the matter to the trial court for reconsideration.[4]

---

[4] We note that the outcome we reach is also in the interest of efficiency and judicial economy. The Secretary of the CDCR could reissue her letter in light of the changes in

## DISPOSITION

The trial court's order declining to exercise its discretion to recall defendant's sentence and resentence him is vacated. The matter is remanded to the trial court for further proceedings consistent with section 1170.03.

---

law brought about by Assembly Bill 1540 and the trial court would be obliged to restart the process.